SOKE ET AL., APPELLEES, *v.* THE PLAIN DEALER ET AL., APPELLANTS.

[Cite as *Soke v. The Plain Dealer* (1994), 69 Ohio St.3d 395.]

(No. 93–339—Submitted March 29, 1994—Decided June 1, 1994.)

*Dray, Powers & Lawson Co., L.P.A., Sandra A. Dray* and *Edward C. Powers,* for appellees.

*Baker & Hostetler, Louis A. Colombo* and *Loretta H. Garrison,* for appellants.

PFEIFER, J.  The present case requires us to determine whether a police officer testifying in trial regarding his personal advice to a nephew about that relative's cooperation in a murder investigation is a public official for defamation purposes. For the following reasons we answer this question in the affirmative.

The right to sue for damage to one's reputation pursuant to state law is not absolute. Instead, the right is encumbered by the First Amendment to the United States Constitution.

In *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, the United States Supreme Court held that "the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct." In these actions, the court noted that "the rule requiring proof of actual malice is applicable." *Id.* at 283, 84 S.Ct. at 727, 11 L.Ed.2d at 708.

The United States Supreme Court has repeatedly recognized that police officers are public officials. *New York Times Co. v. Sullivan, supra; Henry v. Pearson* (1965), 380 U.S. 356, 85 S.Ct. 992, 13 L.Ed.2d 892; *St. Amant v. Thompson* (1968), 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262; *Time, Inc. v. Pape* (1971), 401 U.S. 279, 91 S.Ct. 633, 28 L.Ed.2d 45.

Having determined that Soke, being a police officer, is a public official, it is necessary to determine the extent to which his statements are constitutionally protected when discussed by others. Although *New York Times Co. v. Sullivan* stated that statements regarding "official conduct" of public officials are protected, the United States Supreme Court broadened this scope of protection in *Garrison v. Louisiana* (1964), 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125. In *Garrison,* the court declared that the Constitution protects statements made about public officials when those statements concern "anything which might touch on an official's fitness for office * * *." *Id.* at 77, 85 S.Ct. at 217, 13 L.Ed.2d at 134. In *Monitor Patriot Co. v. Roy* (1971), 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35, the United States Supreme Court relied on the *Garrison* analysis, but added, " * * * whether there remains some exiguous area of defamation against which a candidate may have full recourse is a question we need not decide in this case." *Id.* at 275, 91 S.Ct. at 627, 28 L.Ed.2d at 42–43.

In the present case, we conclude that The Plain Dealer article summarizing Soke's trial testimony concerned matters relevant to Soke's fitness to be a public official. A law enforcement official's murder trial testimony concerning his advice to a nephew on whether the nephew should cooperate with a murder investigation is relevant to the officer's fitness to hold his job. A competent police officer should truthfully testify while under oath at trial. Police officers should encourage citizens to cooperate with criminal investigations. Police officers should also refrain from providing special treatment to relatives who are suspected of criminal conduct. Thus, Soke's statements, when erroneously reported by The Plain Dealer, were relevant to his fitness and competence to be a police officer. As a result the incorrectly reported statements were constitutionally protected.

Because the memorandum in opposition to summary judgment filed by the Sokes did not contend that The Plain Dealer printed its erroneous article with malice, the trial court properly granted the defendants' motion for summary judgment.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.